NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| DARREN CLARK, | |
| Plaintiff, | Civil Action No. 12-7763 (FLW)(TJB) |
| v. | **OPINION** |
| ROBERT M. CZECH, et al., | |
| Defendants. | |

WOLFSON, District Judge.

On December 20, 2012, Plaintiff Darren Clark ("Plaintiff" or "Clark") filed this employment discrimination suit *pro se* against Defendants Robert Czech, Henry Maurer, Joe Hill, Jr., and the New Jersey Office of Tobacco Control (together, the "Defendants"), alleging a violation of the Equal Pay Act, 29 U.S.C. § 206 *et seq.* Defendants have moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(c). Plaintiff opposes the motion. The Court decides this matter without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, Defendants' motion is denied.

I.  **Background**[1]

Plaintiff is an employee of the State of New Jersey Department of Health, Office of Tobacco Control. In 2009, a female coworker of Plaintiff was classified by the New Jersey Civil Service Commission ("CSC") as a Community Service Officer 1, Addictions, based upon the duties of her employment. Plaintiff alleges that the CSC "rendered a different initial decision

---

[1] The following allegations are taken from the Complaint and must be taken as true in deciding this Motion to Dismiss. *See Newman v. Beard*, 617 F.3d 775, 779 (3d Cir. 2010) ("We accept all factual allegations as true, construe the amended complaint in the light most favorable to [the plaintiff], and determine whether, under any reasonable reading of the…complaint, he may be entitled to relief.").

only months later" when it determined that Plaintiff's position corresponded to a classification as a Community Service Officer 2, Addictions. *See* Compl. 2. Plaintiff alleges that two other female coworkers were also classified as Community Service Officer 1, Addictions, despite having substantially similar duties and responsibilities as Plaintiff. *Id.* The net effect of the decision of the CSC was a reduction of Plaintiff's salary and an elimination of yearly salary increment steps, as Plaintiff's title was changed from Public Health Representative 1, Addictions to Community Service Officer 2, Addictions. Plaintiff asserts that his female coworkers, whose positions and employment duties are substantially equal to Plaintiff's, continue to receive yearly bonuses at a higher corresponding range than he may receive. *Id.* Plaintiff appealed this determination to the CSC in 2010. The CSC issued a final administrative decision on that appeal on July 23, 2010, in which the CSC concluded that Plaintiff was properly classified as Community Service Officer 2, Addictions. *Id.*

Effective September 1, 2010, Plaintiff took over the same grant duties as the above-described three female coworkers, apparently due to a second reorganization within the New Jersey Department of Health. *Id.* Plaintiff also took over the majority of the operations of the Tobacco Age of Sale program. Plaintiff alleges that, despite taking over the exact grant agency responsibilities as his female coworkers and even acting in higher capacity than his female coworkers in creating program grant agreements and coordinating the majority of the functions of the Tobacco Age of Sale program, the CSC determined that his title remain as Community Service Officer 2, Addictions. *Id.*

After Plaintiff's second request for a position reclassification was denied by the CSC on or about August 20, 2012, Plaintiff initiated this action. Plaintiff alleges that the CSC "has render[ed] decisions based on a position classification process that violates the Equal Pay Act."

*See* Compl. 2.  Plaintiff asserts that his duties as a program officer for the Department of Health have been and are substantially equal to certain female coworkers who have been classified at a higher level than his classification.  Plaintiff is seeking to have the CSC "authorize the New Jersey Department of Health to compensate [him at ] the same yearly salary steps increment rate (bonus) received by female coworkers" at a rate of approximately $2,758 more per year from December 20, 2009 to the present.  *Id.* at 2.  He is also seeking to receive the same salary compensation pay scale as the mentioned female coworkers moving forward, and seeks to have his title changed to either Community Service Officer 1, Addictions or Program Development Specialist 1, Medical Assistance & Health Services, with all the rights negotiated by the State of New Jersey and the State of New Jersey workers.  *See id.* at 2–3.

## II.     Standard of Review

Rule 12(c) of the Federal Rules of Civil Procedure allows a party to move for judgment on the pleadings "after the pleadings are closed but within such time as not to delay trial."  Fed. R. Civ. P. 12(c).  The applicable standard on a motion for judgment on the pleadings is similar to that applied on a motion to dismiss pursuant to Rule 12(b)(6).  *Spruill v. Gillis*, 372 F.3d 218, 223 n. 2 (3d Cir. 2004).  When reviewing a motion made pursuant to Rule 12(c), a court must take all allegations in the complaint as true, viewed in the light most favorable to the plaintiff.  *Gomez v. Toledo*, 446 U.S. 635, 636 n.3 (1980); *Robb v. City of Philadelphia*, 733 F.2d 286, 287 (3d Cir. 1984).   All reasonable inferences must be made in the plaintiff's favor. *See In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010).  Accordingly, in order to survive a motion for judgment on the pleadings, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  This standard requires the plaintiff to show "more than a sheer possibility that a defendant has acted

unlawfully," but does not create as high of a standard as to be a "probability requirement." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Third Circuit has required a three-step analysis to meet the plausibility standard mandated by *Twombly* and *Iqbal*. First, the court should "outline the elements a plaintiff must plead to a state a claim for relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012). Next, the court should "peel away" legal conclusions that are not entitled to the assumption of truth. *Id.*; *see also Iqbal*, 556 U.S. 678–79 ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). It is well-established that a proper complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (internal quotations and citations omitted). Finally, the court should assume the veracity of all well-pled factual allegations, and then "determine whether they plausibly give rise to an entitlement to relief." *Bistrian*, 696 F.3d at 365 (quoting *Iqbal*, 556 U.S. at 679). A claim is facially plausible when there is sufficient factual content to draw a "reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The third step of the analysis is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Judgment on the pleadings pursuant to Rule 12(c) will be granted where the moving party clearly establishes there are no material issues of fact to be resolved, and that he or she is entitled to judgment as a matter of law. *DiCarlo v. St. Mary Hosp.*, 530 F.3d 255, 259 (3d Cir. 2008).

### III.    Discussion

In their motion for judgment on the pleadings, Defendants assert that the Complaint must be dismissed because (1) Plaintiff has failed to state a claim under the Equal Pay Act; (2) Defendants are immune from suit pursuant to the Eleventh Amendment; (3) the individual

Defendants are entitled to qualified immunity and there is no individual liability for public officials under the Equal Pay Act; and (4) there was a legitimate business reason for the CSC's decision to not reclassify Plaintiff and/or such merit-based decision is exempt from the Equal Pay Act. The Court addresses these arguments below.

    A.    *Sovereign Immunity Defense*

Plaintiff asserts that the Eleventh Amendment bars Plaintiff's cause of action under the Equal Pay Act against the CSC, Office of Tobacco Control, officers acting on behalf of those agencies, and all the individual CSC Defendants. The Eleventh Amendment affords states, state agencies, and state employees in their official capacities immunity from suits brought by citizens in federal court. *MCI Telecom. Corp. v. Bell Atl.-Pa.*, 271 F.3d 491, 503–04 (3d Cir. 2001); *Edelman v. Jordan*, 415 U.S. 651, 663 (1974). That immunity is not absolute, however, and three primary exceptions have been established that limit the breadth of the Eleventh Amendment: (1) congressional abrogation; (2) waiver by the state; and (3) suits against individual state officers for prospective injunctive and declaratory relief. *MCI*, 271 F.3d at 503.

Contrary to Defendants' assertions, Congress has the power under § 5 of the Fourteenth Amendment to prohibit sex discrimination in employment. *See Fizgerald v. Bitzer*, 427 U.S. 445, 456 (1976)). Congress has, in fact, exercised this power by applying the Equal Pay Act to state and local entities in their role as employers. *Arnold v. BLaST Intermediate Unit 17*, 843 F.2d 122, 126 (3d Cir. 1988) (citing *Usery v. Allegheny County Institution Dist.*, 544 F.2d 148, 155-56 (3d Cir. 1976), *cert. denied sub nom. Allegheny County Institution Dist. v. Marshall*, 430 U.S. 946 (1977); *Ende v. Board of Regents*, 757 F.2d 176 (7th Cir. 1985)); *see also* 29 U.S.C. § 203(e) (stating that employees of a state, political subdivision of a state, or state agency are covered by the Act); § 216(b) (stating that employers are liable to the employee affected by

violations of the Act); *Visnikar v. Dep't of Envtl. Prot.*, Civil Action No. 02-963, 2004 U.S. Dist. LEXIS 3645 (W.D. Pa. Jan. 27, 2004) ("The Third Circuit has made clear that states are not immune from claims brought under the disparate wage provisions of the [Equal Pay Act]."). Accordingly, because Congress has abrogated New Jersey's immunity from suit with respect to the Equal Pay Act, Plaintiff's claim is not barred on sovereign immunity grounds.

      B.     *Plausibility of Plaintiff's Equal Pay Claim*

Claims based upon the Equal Pay Act follow a two-step burden-shifting paradigm, wherein the plaintiff must first allege and "establish a prima facie case by demonstrating that employees of the opposite sex were paid differently for performing 'equal work'—work of substantially equal skill, effort and responsibility, under similar working conditions." *Stanziale v. Jargowsky*, 200 F.3d 101, 107 (3d Cir. 2000) (citing *E.E.O.C. v. Delaware Dep't. of Health and Social Services*, 865 F.2d 1408, 1413–14 (3d Cir. 1989). Thereafter, the employer has the burden of demonstrating the applicability of one of the four affirmative defenses identified in the Act: (i) a bona fide seniority system, (ii) a merit system, (iii) a system which measures earnings by quantity or quality of production, or (iv) a differential based on any factor other than sex. *See* 29 U.S.C. § 206(d)(1); *see also Stanziale*, 200 F.3d at 107. In order to prevail on an affirmative defense, an employer must "submit evidence from which a reasonable factfinder could conclude not merely that the employer's proffered reasons could explain the wage disparity, but that the proffered reasons do in fact explain the wage disparity." *Stanziale*, 200 F.3d at 107–08.

In his Complaint, Plaintiff alleges that three of his female coworkers—whom performed equal duties to Plaintiff—were classified as Community Service Officer 1, Addictions and compensated at a pay range of 26, while Plaintiff's position was classified as Community Service Officer 2, Addictions and compensated at a pay range of 21. Plaintiff further alleges

that, after a second reorganization within the New Jersey Department of Health, he took over the same grant duties as the same three female coworkers, and even acted in a higher capacity than his female coworkers in creating program grant agreements and coordinating the majority of the functions of the Tobacco Age of Sale program.  Despite having duties that were, at the least, equal to his female coworkers, Plaintiff has remained classified as a Community Service Officer 2, Addictions, and compensated at a pay range of 21.  Plaintiff alleges his initial reclassification as a Community Service Officer 2, Addictions, and continued classification as such, has resulted in a reduction in salary based on the pay range difference and an elimination of certain bonuses.  Overall, Plaintiff alleges that the difference between his pay grade and his female coworkers is approximately $2,800 a year, as well as certain bonus differences.  This clearly is sufficient to state a prima facie case under the Equal Pay Act, as Plaintiff has alleged "that employees of the opposite sex were paid differently for performing 'equal work'--work of substantially equal skill, effort and responsibility, under similar working conditions." *Stanziale*, 200 F.3d at 107.

      Defendants devote much of their brief to the argument that the CSC's review of Plaintiff's classification and subsequent refusal to reclassify Plaintiff is a "merit-based decision[]" exempt from liability under the Equal Pay Act.  *See* Defs.' Br. at 27.   Not only does Plaintiff dispute that classification determinations by the CSC are based on merit as a general matter, *see* Pl.'s Opp. Br. at 3, Plaintiff has asserted in his Complaint that the classification process itself was discriminatory and violated the Act.  Thus, whether the classification process is a merit-based system that qualifies as an affirmative defense under the Act depends on how it was implemented, and accordingly is a question of fact.  For example, if, in practice, the CSC was only classifying women into higher, better paying job titles, then it cannot be said that Plaintiff's determination was necessarily based on merit.  In other words, whether Plaintiff's

classification was "merit-based" depends on how the CSC's process was implemented in the context of this case. Whether it is a merit-based system, and whether the CSC implemented its process in a non-discriminatory manner when classifying Plaintiff, are beyond the scope of this motion. This issue is, quite simply, premature at this stage of the proceedings, as it demands the Court to make factual determinations that are not only ill-suited at this stage, but prohibited. Rather, an analysis of whether the CSC's classification process operates as a "merit system" under the Equal Pay Act and whether it was implemented as such in this case is better suited after a period of discovery, at the summary judgment stage.

Finally, Defendants have asserted that the Complaint contains no specific allegations against them and, accordingly, should be dismissed. As evidenced by the caption of the Complaint, Plaintiff intends to bring suit against the individually-named Defendants in their official capacity as employees of the CSC. *See also* Def.'s Opp. Br. at 4 ("The complaint specifies the employees as employees/agents of the State acting on behalf of the [CSC]. The complaint seeks to have the Court authorize the employees/agents to comply with the Equal Pay Act if a violation is determined."). Accordingly, the Court denies Defendants' motion to dismiss; it will, however, grant Plaintiff leave to file an Amended Complaint within thirty days of the entry of this Opinion, clarifying the capacity in which he wishes to bring suit against the individual Defendants. If Plaintiff intended to bring suit against the Defendants in their individual capacity as well as in their official capacity, he should clearly allege such in his Amended Complaint.[2] Likewise, if Plaintiff intended to name the CSC itself, he should appropriately name it as a party to the case.

---

[2] Because it is unclear if Plaintiff intends to bring suit against the Defendants in their individual capacity, the Court need not address Defendants' argument that they cannot be found personally liable under the Equal Pay Act, or, alternatively, that qualified immunity protects them from suit.

**IV.     Conclusion**

For the foregoing reasons, Defendants' Motion to Dismiss is denied. Plaintiff has thirty days from the entry of this Opinion and Order to file an Amended Complaint, clarifying the capacity in which he intends to bring suit against the named Defendants. If he intends to name the Defendants in their individual capacity or the CSC itself, he must clearly allege such in the Amended Complaint. An appropriate Order accompanies this Opinion.

/s/ Freda L. Wolfson
FREDA L. WOLFSON, U.S.D.J.

Dated: March 10, 2015